**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| SERENITY THERAPY LLC, CARRIE LEAF THERAPY, LLC (DBA Balanced Life Counseling Solutions, LLC), PAULA S. GORDY LISW LLC, and THERAPEUTIC INNOVATIONS, PLLC, individually, and on behalf of all others similarly situated,, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITEDHEALTH GROUP, INC., CHANGE HEALTHCARE INC., et. al., <br><br> *Defendants*. | REMOVED FROM POLK COUNTY, IOWA DISTRICT COURT, CVCV070631 <br><br><br> Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay[1] ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the Iowa District Court in and for Polk County, to the United States District Court for the Southern District of Iowa . As its reasons for removal, Defendants state:

---

[1] The complaint names Optum Pay as a Defendant. However, Optum Pay is not a legal entity and cannot be sued.   See Mem. Op. and Order, In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig., No. 0:24-md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued").

1

**BACKGROUND**

1.      By Summons and Complaint, Plaintiffs Serenity Therapy LLC, Carrie Leaf Therapy, LLC (DBA Balanced Life Counseling Solutions, LLC), Paula S. Gordy LISW LLC, and Therapeutic Innovations, PLLC("Plaintiffs") commenced a civil action against Defendants in the Iowa District Court in and for Polk County, titled *Serenity Therapy LLC et. al. v. United Health Group, Inc., Change Healthcare, Inc., et. al.*, Case No. CVCV070631, filed on February 18, 2026 (the "State Court Action"). A true and accurate copy of the Original Notice and Petition is attached as **Exhibit A** and constitutes all processes, pleadings, and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a); LR 81(a)(1).[2]

2.      Defendants waived service of the Original Notice and Petition in the State Court Action on May 18, 2026. The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3.      Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the State Court. 28 U.S.C. § 1446(d).

4.      All Defendants join in the removal of this action to the United States District Court for the Southern District of Iowa.

5.      There are no pending motions in the State Court Action requiring resolution by this Court. LR 81(a)(2).

---

[2] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

6.     All counsel appearing in the State Court action are listed below. Contact information required by LR 81(a)(3) is provided on the signature block and certificate of service page of this pleading.

| Name: | Law Firm: | Appearing For: |
| --- | --- | --- |
| J. Barton Goplerud | Shindler Anderson Goplerud & Weese P.C. | Plaintiffs |
| Brian Marty | Shindler Anderson Goplerud & Weese P.C. | Plaintiffs |
| Daniel E. Gustafson | Gustafson Gluek PLLC | Plaintiffs |
| Nicholas Murphy | Hausfeld LLP | Plaintiffs |
| Joshua D. Hughes | Dorsey & Whitney LLP | Defendants |

## DIVERSITY JURISDICTION

7.     This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

### 28 U.S.C. § 1332(a)

8.     The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

9.     Plaintiff Serenity Therapy LLC ("Serenity") alleges it is a board-certified therapist practice with its principal place of business in Dubuque, Iowa. **Ex. A** ("Compl.") at ¶ 268. Plaintiff Serenity is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). According to the Iowa Secretary of State's Office, Plaintiff Serenity was formed on November 14, 2019 and has a known place of business address in Dubuque, Iowa. Additionally, Counsel for Plaintiff Serenity has stated and represented to Defendants' Counsel that

for purposes of diversity jurisdiction, Plaintiff Serenity and all of its members, are citizens of Iowa. Accordingly, Plaintiff Serenity is a citizen of Iowa for purposes of assessing diversity jurisdiction.

10.    Plaintiff Carrie Leaf Therapy, LLC ("Carrie Leaf") alleges it a board-certified therapist practice with its principal place of business in West Des Moines, Iowa. Compl. ¶ 276. Plaintiff Carrie Leaf is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See GMAC Commercial Credit LLC,* 357 F.3d at 829. According to the Iowa Secretary of State's Office, Plaintiff Carrie Leaf was formed on March 5, 2015 and has a known place of business address in West Des Moines, Iowa. Additionally, Counsel for Plaintiff Carrie Leaf has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff Carrie Leaf and all of its members, are citizens of Iowa. Accordingly, Plaintiff Carrie Leaf is a citizen of Iowa for purposes of assessing diversity jurisdiction.

11.    Plaintiff Paula S. Gordy LISW LLC ("Gordy") alleges it is a board-certified therapist practice with its principal place of business in Centerville, Iowa. Compl. ¶ 283. Plaintiff Gordy is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See GMAC Commercial Credit LLC*, 357 F.3d at 829. According to the Iowa Secretary of State's Office, Plaintiff Gordy was formed on January 8, 2007 and has a known place of business address in Centerville, Iowa. Additionally, Counsel for Plaintiff Gordy has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff Gordy, including its members, is a citizen of Iowa and Missouri. Accordingly, Plaintiff Gordy is a citizen of Iowa and Missouri for purposes of assessing diversity jurisdiction.

12. Plaintiff Therapeutic Innovations, PLLC ("Therapeutic Innovations") alleges it is a board-certified therapist practice with its principal place of business in Vinton, Iowa. Compl. ¶ 291. Plaintiff Therapeutic Innovations is a professional limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. *See GMAC Commercial Credit LLC*, 357 F.3d at 829. According to the Iowa Secretary of State's Office, Plaintiff Therapeutic Innovations was formed on May 9, 2017 and has a known place of business address in Vinton, Iowa. Additionally, Counsel for Plaintiff Therapeutic Innovations has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff Therapeutic Innovations and all of its members, are citizens of Iowa. Accordingly, Plaintiff Therapeutic Innovations is a citizen of Iowa for purposes of assessing diversity jurisdiction.

13. Accordingly, Plaintiffs are citizens of Iowa and Missouri for purposes of diversity jurisdiction.

14. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

15. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

16. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

17. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

18. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

19. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

20. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

21. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

22. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

23. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *GMAC Commercial Credit LLC*, 357 F.3d at 829. The sole member of Change Healthcare Operations,

LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

24.     Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

25.     Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

26.     Defendant Optum Pay is not a legal entity, and its citizenship has no impact on diversity jurisdiction. Plaintiff admits Optum Pay is not a legal entity. *See* Compl. ¶ 28; *see also* Mem. Op. and Order, *In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-

md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued").

27.    Because Plaintiffs are citizens of Iowa and Missouri, and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiff and Defendants.

28.    Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000.

29.    Plaintiff Serenity alleges it was unable to submit claims, receive ERAs, and receive payment for its medical care to patients, which disrupted Plaintiff Serenity's business. Compl. ¶ 270. Plaintiff Serenity allegedly suffered monetary losses including rejected and/or delayed payments for medical care, an inability to take on new clients, and spending time researching alternative claims processors and investigating the cyber incident, resulting in lost money and interest. Compl. ¶ 271. Plaintiff Serenity was allegedly forced to participate in Defendants' Temporary Funding Assistance Program ("TFAP") and the owner of Serenity Therapy had to take out $13,000 from its personal savings to fund their operations during the network outage. ¶¶ 273–74.

30.    Plaintiff Carrie Leaf alleges it was unable to submit claims, receive ERAs, and receive payment for its medical care to patients. Compl. ¶ 278. Plaintiff Carrie Leaf further alleges it suffered monetary losses via rejected and/or delayed payments for medical care, an inability to take on new clients resulting in lost money and loss of interest, and spending time researching alternative claims processors and investigating the cyber incident. Compl. ¶ 279. Plaintiff Carrie Leaf allegedly lost $10,000 as a result of the cyber incident. Compl. ¶ 280. Plaintiff Carrie Leaf's

owner alleges it had to take out $12,000 from personal savings to fund its operations. Compl. ¶ 281.

31.     Plaintiff Gordy alleges it was unable to submit claims, receive ERAs, and receive payment for its medical care to patients, which disrupted its business. Compl. ¶ 285. Plaintiff Gordy allegedly suffered monetary losses via rejected and/or delayed payments for medical care, an inability to take on new clients, and spending time researching alternative claims processors and otherwise investigating the cyber incident. Compl. ¶ 286. Plaintiff Gordy alleges it lost over $187,00 as a result of the cyber incident. Compl. ¶ 287. Plaintiff Gordy allegedly received an advance of $130,000 from the Defendants' TFAP and the owner of Plaintiff Gordy had to take out $100,000 in credit card loans to fund its operations. Compl. ¶¶ 288–89.

32.     Plaintiff Therapeutic Innovations allegedly was unable to submit claims, receive ERAs, and receive payment for its medical care to patients. Compl. ¶ 293. Plaintiff Therapeutic Innovations  alleges it suffered monetary losses including rejected and/or delayed payments for medical care, an inability to take on new clients, and spending time researching alternative claims processors and investigating the cyber incident. Compl. ¶ 294. Plaintiff Therapeutic Innovations allegedly was forced to participate in Defendants' TFAP and received an advance of $15,700. Compl. ¶ 296.

33.     Additionally, Plaintiffs seek statutory, trebled, and/or punitive or exemplary damages. Compl. Request for Relief.

34.     Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**28 U.S.C. § 1332(d)**

35.    This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action, at least one member of the class (Plaintiff) is a citizen of a state different from Defendants, Defendants are not a State, State official, or other governmental entity, the number of members of the proposed plaintiff class is not less than 100, and the amount in controversy exceeds the sum or value of $5,000,000.

36.    As stated above, Plaintiffs  are citizens of Iowa and Missouri, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

37.    The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl. ¶ 302. Since Plaintiffs seek to represent a statewide class of providers, the number of members of the proposed class is greater than 100. Compl. ¶ 299 ("All Providers located in Iowa whose use of Change's Services, either directly or indirectly, was disrupted, or whose payments were delayed or denied because of the Ransomware Attack and shutdown").

38.    Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "providers did not timely receive billions of dollars in earned reimbursements." Compl. ¶ 5. Since Plaintiffs seeks to represent a statewide class of providers, the amount in controversy exceeds $5,000,000.

39.    Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## RESERVATIONS OF RIGHTS AND DEFENSES

40.     Defendants reserve any and all defenses, including but not limited to, those under Federal Rule of Civil Procedure 12, and does not waive said defenses by the filing of the Notice of Removal.

41.     Defendants do not admit any of the allegations in Plaintiffs' Complaint, and do not concede that Plaintiffs are entitled to any relief.

42.     Defendants reserve the right to amend or supplement the Notice of Removal as necessary.

## REMOVAL TO THIS DISTRICT IS PROPER

43.     This Notice of Removal is being filed in the Southern District of Iowa, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. § 95 and 28 U.S.C. §§ 1441(a) and 1446(a).

44.     WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Southern District of Iowa.

Dated: May 20, 2026

Respectfully submitted,

*/s/ Joshua D. Hughes*
Joshua D. Hughes (AT0014950)
DORSEY & WHITNEY LLP
801 Grand Avenue, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704
Email: hughes.josh@dorsey.com

*Counsel for Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc.,*

11

*Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the

CM/ECF system, will be sent electronically to the following parties:

J. Barton Goplerud
Brian Marty, AT0011622
SHINDLER ANDERSON GPLERUD & WEESE P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
goplerud@sagwlaw.com
marty@sagwlaw.com

Daniel E. Gustafson
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com

Nicholas Murphy
HAUSFELD LLP
1201 17th Street N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 540-7200
nmurphy@hasfeld.com

*Counsel for Plaintiffs*

Dated: May 20, 2026

*/s/ Joshua D. Hughes*
Joshua D. Hughes